UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAROLD W. LOW,

                                        Plaintiff,                          Case No. ___CV_____

                    - against –

ELIZABETH B. GILMORE, BNY MELLON, N.A. AS
TRUSTEE FOR THE FIRST MERTZ TRUST, AND BNY
MELLON, N.A. AS TRUSTEE FOR THE TRUST
UNDER THE WILL OF JOYCE MERTZ GILMORE,

                                        Defendants.

## COMPLAINT

Plaintiff Harold W. Low ("Plaintiff"), by his undersigned attorneys, hereby avers and

alleges for his Complaint against Defendants Elizabeth B. Gilmore ("Gilmore"), BNY Mellon,

N.A., as trustee for the First Mertz Trust ("First Mertz Trust") and BNY Mellon, N.A. as trustee

for the Trust Under the Will of Joyce Mertz Gilmore ("Joyce Mertz Trust" and collectively with

Gilmore and First Mertz Trust, "Defendants"), as follows:

## INTRODUCTION

1.      Plaintiff brings this action to recover unpaid compensation, including severance

pay and the costs of employee benefits, along with interest, statutory damages, attorneys' fees

and costs from Defendants, who are among the ten members of 382 Channel Drive LLC f/k/a

Publishers Clearing House LLC ("PCH") with the largest percentage ownership interest,

pursuant to  Section 609 of the New York Limited Liability Company Law ("Section 609") and

New York Labor Law Sections 193 and 198.

1

2.      Because PCH failed to pay these amounts that are due and owing to Plaintiff under a written separation agreement and a written employment agreement, each of the Defendants is personally liable, jointly and severally, to pay these amounts to Plaintiff under Section 609, as well as for statutory liquidated damages, interest, and attorney's fees under Sections 193 and 198 of the New York Labor Law.

## THE PARTIES

3.      At all relevant times, Plaintiff is an individual who is domiciled in the State of Connecticut.

4.      At all relevant times, defendant Gilmore is an individual who is domiciled in the State of New York and in this District.

5.      Upon information and belief, defendant BNY Mellon, N.A. as trustee ("BNY Mellon"), which is sole trustee for each of the First Mertz Trust and the Joyce Mertz Trust, is a national banking association with its headquarters in the Commonwealth of Pennsylvania and offices in the State of New York and in this District.  At all relevant times, BNY Mellon transacted business within the State of New York and in this District.

## JURISDICTION and VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

7.      This Court has personal jurisdiction over Defendants, pursuant to New York C.P.L.R. § 301 and § 302.

8.      Venue properly lies in this Court, pursuant to 28 U.S.C. § 1391, including because each of the Defendants resides in this District, and a substantial part of the events or omissions giving rise to the pleaded claims occurred in this District.

### COMMON FACTS

9.      PCH is a limited liability company organized under the laws of the State of New York.

10.      PCH was founded in 1953 and is well known for selling magazine subscriptions and consumer merchandise, in conjunction with its sweepstakes and prize-based games.  In recent years, PCH's business focused more on providing enriched data to other companies. PCH's main offices were located in this District from and after January 1, 2025.

11.      Plaintiff was employed by PCH from April 1994 to April 8, 2025.  At the time his employment with PCH was terminated, Plaintiff was Senior Vice President, Secretary and General Counsel.

12.      On April 9, 2025, PCH filed a petition for voluntary bankruptcy under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in a proceeding entitled: *In re 382 Channel Drive f/k/a Publishers Clearing House*, Case No. 25-10694 (MG) (the "Bankruptcy").

13.      Prior to the filing of the Bankruptcy, Plaintiff and PCH signed a Separation Agreement, dated April 1, 2025 (the "Separation Agreement"), a copy of which is annexed to Exhibit 1 hereto as Exhibit A, that provided that Plaintiff's last day of employment with PCH would be April 8, 2025, and entitled Plaintiff to certain severance pay and other benefits (the "Severance Benefits").

14.    The Severance Benefits provided for in the Separation Agreement were substantially the same as the severance payments and benefits that Plaintiff was entitled to under his employment agreement with PCH, dated as of September 1, 2007 (the "Employment Agreement"), a copy of which is annexed to Exhibit 1 hereto as Exhibit B).

15.    Plaintiff filed a proof of claim in the Bankruptcy for the Severance Benefits.  (A copy of the Proof of Claim is attached hereto as Exhibit 1.)[1]

16.    The Proof of Claim seeks recovery of the Severance Benefits, which consist of the following amounts that are due under the Separation Agreement and/or the Employment Agreement:

    a.  $1,125,000.00 as a severance payment (the "Severance Payment");

    b.  the cost of continued health insurance coverage, for medical, dental and vision, elected by Plaintiff as of the date of Separation Agreement for an 18-month period;

    c.  the cost of continued term life insurance coverage for an 18-month period in an amount equal to Plaintiff's annual base salary, as of the date on which his employment with PCH terminated, which amount was $450,000; and

    d.  in accordance with the Separation Agreement, interest that is due on each of these amounts at the rate of 4.5%, compounded annually, from the date on which these amounts were due to be paid to the date on which these amounts are paid.

17.    The cost of such continued medical, dental and vision insurance for an 18-month period has been determined by Plaintiff to be, at a minimum, $58,466.34, which amount is included in the Proof of Claim.

---

[1] The Proof of Claim includes copies of the Separation Agreement and Employment Agreement, as Exhibits A and B thereto.

18.    The cost of such continued term life insurance has not, as of the date hereof, yet been determined.

19.    PCH has not paid or provided Plaintiff with any of the Severance Benefits due under the Separation Agreement or the Employment Agreement, or any amounts due under the Proof of Claim.

20.    PCH sold all or substantially all of its operating assets pursuant to a sale process authorized and approved by the Bankruptcy Court pursuant to Section 363 of the Bankruptcy Code.

21.    As a consequence of the sale, PCH ceased to be a going concern and proposed a plan of liquidation, which was amended as of the date of the Confirmation Order (as defined below), pursuant to which its remaining assets would be liquidated and the proceeds distributed for the benefit of its creditors (the "Plan of Liquidation").

22.    The Plan of Liquidation was approved by order of the Bankruptcy Court entered on December 22, 2025, with an Effective Date of January 6, 2026 (the "Confirmation Order").

23.    Under the Plan of Liquidation, $17,150.00 of the Severance Payment is to be treated as a Priority Unsecured Claim and paid to Plaintiff in cash or as agreed upon by PCH and Plaintiff (the "Priority Claim").

24.    However, pursuant to the Plan of Liquidation, the balance of the Severance Payment due to Plaintiff – for $1,107,850.00, according to the Plan of Liquidation – is classified as a Nonpriority Unsecured Claim and is unlikely to be paid by PCH.

25.    The Disclosure Statement filed in the Bankruptcy and approved by the Bankruptcy Court as of the date of the Confirmation Order (the "Disclosure Statement") acknowledges and includes Plaintiff's claim for the Severance Benefits.

26.     The Disclosure Statement states that general unsecured claims, such as the non-priority balance of Plaintiff's claim for the Severance Payment, could be paid at as little as 0.09%, based on assets available for distribution, which would mean that Plaintiff's unsecured claim for the non-priority balance of the Severance Payment would be paid at approximately $1,000, which evidences that PCH will not be paying the Severance Payment due to Plaintiff.

27.     Moreover, while the Disclosure Statement contemplates payment of the Priority Claim in full, there is no assurance that PCH will in fact have the funds to enable it to pay the Priority Claim, in full or in part.

28.     Furthermore, the Plan of Liquidation does not make any provision at all for payment of the other parts of the Severance Benefits, including for:

    a.  $58,466.34 in payment for costs of medical, dental and vision coverage;

    b.  the cost of term life insurance coverage; and

    c.  interest due on the unpaid Severance Benefits pursuant to the Separation Agreement.

29.     Due to the Bankruptcy, including the automatic stay and the injunction contained in Section 8 of the Plan of Liquidation, as approved by the Confirmation Order, Plaintiff is barred from pursuing a claim against PCH for recovery of the Severance Benefits (excluding such amounts, if any, to be paid in the Bankruptcy), and therefore Plaintiff cannot seek or obtain a judgment for any of the Severance Benefits from PCH or its estate in bankruptcy.

30.     Based on the foregoing, it is not possible for Plaintiff to recover anything other than a *de minimis* part of the Severance Benefits – i.e. no more than his Priority Claim and as little as 0.09% of the remainder of the Severance Payment – from PCH, and no certainty that Plaintiff will recover even that minimal amount.

31.     Under Section 609, the ten members of a limited liability company with the largest percentage ownership interest (the "Responsible Members") are responsible, jointly and severally, for paying "debts, wages, salaries due and owing" to any of the limited liability company's employees. Notably, Section 609 expressly provides that:

> wages or salaries shall mean all compensation and benefits payable by an employer to or for the account of the employee . . . . These shall specifically include but not be limited to . . . severance pay; employer contributions to or payments of insurance or welfare benefits; . . . and any other moneys properly due or payable for services rendered by such employee, servant or laborer, including any concomitant liquidated damages, penalties, interest, attorneys' fees or costs.

N.Y.L.L.C. Law § 609(d).

32.     Under Section 609, an employee can pursue such a claim against the Responsible Members where the evidence shows that the employer will not be paying the amounts that are due, such as where, as here, the limited liability company filed for bankruptcy, its bankruptcy filings evidence that the limited liability company is liquidating, the amount of the claim is not collectible from the limited liability company and the limited liability company is not going to pay the claim.

33.     Each of the Defendants is one of the ten members of PCH with the largest ownership interest in PCH and therefore is a Responsible Member of PCH under Section 609.

34.     Plaintiff is unable to recover the Severance Benefits from PCH, including due to the Bankruptcy, the operating assets of PCH having been sold and PCH no longer being a going concern, and the Plan of Liquidation and Disclosure Statement not providing for payment of components of the Severance Benefits other than a *de minimis* amount of the Severance Payment.

35. Based on the foregoing, pursuant to Section 609, even assuming that the Priority Claim is paid in full, Plaintiff is entitled to recover the balance of the Severance Benefits from Defendants, jointly and severally, in the following amounts:

    a. $1,107,850.00, plus

    b. $58,466.34 in payment for medical, dental and vision benefits; plus

    c. the cost of term life insurance coverage, in the amount of $450,000, for an 18-month period, in an amount to be determined; plus

    d. interest on the unpaid amounts at the rate of 4.5% per annum from the date on which these foregoing amounts were due, which equaled $42,026.10 with respect to the Severance Payment as of February 6, 2026, plus interest on the other parts of Plaintiff's claim for Severance Benefits, until paid.[2]

36. Thus, the amounts that Plaintiff is entitled to recover from Defendants ("Severance Benefits Due from PCH Members") equal $1,208,342.44, plus the cost of term life insurance coverage, plus interest thereon.

37. This amount is increasing as interest continues to accrue.

38. By notice dated September 3, 2026, Plaintiff notified each Defendant of Plaintiff's intent to seek to collect the amounts due under Section 609 from each Defendant, as one of the ten members of PCH with the largest ownership interest (the "Notice").

39. None of the Defendants responded to the Notice and none of the Defendants has paid Plaintiff any part of the Severance Benefits Due from PCH Members.

---

[2] If Debtor does not pay the amount of the Priority Claim to Plaintiff, Plaintiff will also seek to recover that amount under Section 609.

40.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but equal to at least $1,208,342.44, plus the cost of term life insurance coverage and interest that is continuing to accrue.

41.     In addition to recovery of the foregoing amounts under Section 609, Plaintiff is also entitled under the New York Labor Law to recover attorney's fees, prejudgment interest and statutory liquidated damages in an amount equal to 100% of the unpaid wages (in this case, the Severance Benefits Due from PCH Members).

42.     By reason of the foregoing, Plaintiff is entitled to recover from Defendants, under New York law, $1,208,342.44, plus the cost of term life insurance and interest, attorneys' fees and costs under Section 609 and, in addition, statutory liquidated damages, reasonable attorney's fees and interest under Sections 193 and 198 of the New York Labor Law.

43.     In sum, Plaintiff is entitled to recover:

a.   At least $1,208,342.44 in unpaid severance payments and benefits, plus the cost of term life insurance coverage, plus interest, attorneys' fees and costs pursuant to Section 609; plus

b.   at least $1,208,342.44, as statutory liquidated damages, plus reasonable attorney's fees and interest, pursuant to the New York Labor Law.

## **FIRST CAUSE OF ACTION**

(For Unpaid Severance Benefits, Attorneys' Fees and Costs
Under N.Y.L.L.C. Law Section 609)

44.     Plaintiff repeats and realleges each of the preceding allegations set forth herein as if fully set forth and incorporated herein.

45.     Under Section 609, the ten members of a limited liability company with the largest percentage ownership interest – i.e., the Responsible Members – are responsible, jointly and severally, for paying "debts, wages or salaries due and owing" to any of its employees.

46.     Under Section 609, the compensation that is recoverable by an employee includes "severance pay; employer contributions to or payments of insurance or welfare benefits; . . . and any other moneys properly due or payable for services rendered by such employee … including any concomitant liquidated damages, penalties, interest, attorneys' fees or costs."

47.     Under Section 609, the Responsible Members are liable for paying these amounts upon the return of an execution unsatisfied or when the facts and circumstances make clear that the limited liability company will not pay amounts that are due to the employee.

48.     The requirements for Plaintiff to recover from Defendants under Section 609 have been satisfied.

49.     First, PCH has not paid Plaintiff the Severance Benefits that are due under the Separation Agreement and/or the Employment Agreement.

50.     Second, Defendants are Responsible Members under Section 609 because they are among those ten members of PCH with the largest percentage ownership interest.

51.     Third, Plaintiff is unable to recover any more than a *de minimis* portion of the Severance Benefits from PCH, including because:

    a.  the Bankruptcy, including the automatic stay and the Confirmation Order, prevents Plaintiff from pursuing claims for the Severance Benefits against PCH; and

    b.  the Plan of Liquidation provides for payment of only the Priority Claim in the amount of $17,150.00, the Disclosure Statement approved by the Bankruptcy

Court provides that as little as 0.09% of the Severance Payment may be paid by PCH, which is approximately an additional $1,000, and PCH's operating assets have been sold and PCH no longer is a going concern.

52.    As a result, Plaintiff being unable to recover the Severance Benefits from PCH is equivalent to the return of an execution unsatisfied against the limited liability company for the purposes of Section 609.

53.    By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but equal to at least $1,208,342.44, plus the cost of term life insurance coverage and interest that is continuing to accrue, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(For Statutory Liquidated Damages, Attorney's Fees and Interest under
N.Y. Labor Law Sections 193 and 198)

54.    Plaintiff repeats and realleges the preceding allegations set forth herein as if fully set forth and incorporated herein.

55.    The $1,208,342.44, plus the cost of term life insurance coverage, that is due to Plaintiff under the Separation Agreement and/or the Employment Agreement constitute a wage supplement as defined under the New York Labor Law.

56.    Under Sections 193 and 198 of the New York Labor Law, all employees, without any exceptions, that commence a legal action to collect unpaid wages or wage supplements (which includes severance pay) and prevail in the action are entitled to recover the full amount of unpaid wages (in this case the Severance Benefits) found to be due, all reasonable attorney's fees and prejudgment interest, and (absent proof of a good faith belief that the underpayment was lawful) an additional amount of 100% of the total unpaid wages (in this case the Severance

Benefits), making the statutory liquidated damages  due in this action at least $1,208,342.44, plus the cost of term life insurance coverage.

57.     Under the plain language of Section 609, and the facts and circumstances pleaded in this Complaint, it is not possible for PCH or Defendants to have had a good faith belief that the failure to pay the Severance Benefits was lawful.

58.     Under New York Labor Law Sections 193 and 198, Plaintiff, having no choice but to commence this action to enforce the payment of the full amount of the Severance Benefits due under the Separation Agreement and/or the Employment Agreement, is entitled to recover all reasonable attorney's fees and prejudgment interest, as well as statutory liquidated damages, in addition to the full amount of the unpaid Severance Benefits.

59.     Section 609, in subsection (d) thereof, expressly provides that the "wages or salaries" for which the Responsible Members are personally liable, jointly and severally, specifically include "any concomitant liquidated damages, penalties, interest, attorneys' fees or costs".

60.     Based on the foregoing, Plaintiff is entitled to recover at least $1,208,342.44 plus the cost of term life insurance as statutory liquidated damages, plus interest due thereon, plus reasonable attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

A.   an amount equal to no less than $1,208,342.44, plus the cost of term life insurance coverage, and interest due thereon, attorneys' fees and costs of suit under the First Cause of Action;

12

B. an amount equal to no less than $1,208,342.44, and the cost of term life insurance coverage, plus attorney's fees and interest due thereon under the Second Cause of Action; and

C. such other relief as this Court deems just and equitable.

Dated:  New York, New York
       March 17, 2026

LAW OFFICES OF DONALD WATNICK

By: _Ishan Dave_____
     Ishan Dave
     Donald E. Watnick
200 West 41st Street, Floor 17
New York, NY  10036
(212) 213-6886
dwatnick@watnicklaw.com

Randloph E. White
WHITE  & WOLNERMAN, PLLC
950 Third Avenue, Floor 11
New York, NY  10022
(212) 308-0667
rwhite@wwlawgroup.com

*Attorneys for Plaintiff Harold W. Low*